# EXHIBIT A

Electronically FILED by
Superior Court of California,
County of Los Angeles
5/06/2025 1:09 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By S. Reyna, Deputy Clerk

WHITNEY D. BERTCH #298933
*whit@bertchfirm.com*
**THE BERTCH FIRM**
3333 Michelson Dr Ste 300
Irvine, California 92612
(949) 336-0050
(949) 336-0033 fax

Attorney for Plaintiff,
*Jessica Denike*

THE BERTCH FIRM

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| JESSICA DENIKE, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DEVOKO, a business entity form unknown; SIMONDREAMER, a business entity form unknown; AMAZON.COM SERVICES LLC, a Delaware corporation; and DOES 1 through 100, inclusive, and each of them;<br><br>Defendants. | Case No. 25CHCV01570<br><br>ASSIGNED FOR ALL PURPOSES TO:<br><br>**COMPLAINT FOR PERSONAL INJURIES**<br><br>1. Strict Products Liability<br>2. Negligent Products Liability<br><br>**DEMAND FOR JURY TRIAL** |

- 1 -

# I.

## INTRODUCTION

1.    On or about May 8, 2023, Jessica Denike ("Plaintiff") purchased a 5 ft. x 3 ft. lockable outdoor garden storage shed SKU# T-PS1053SoBN ("SHED"), which SHED was manufactured and designed by DEVOKO ("Devoko"), and sold to Plaintiff by AMAZON.COM SERVICES LLC ("Amazon") and its seller SIMONDREAMER ("SimonDreamer") online from Amazon.com, Order No. 114-1823296-6117858. The SHED was shipped to her and delivered to her home in Canyon Country, Los Angeles County, California. On May 10, 2023, Jessica attempted to assemble the SHED. She took it out of the box and set it up according to the instruction manual. Unbeknownst to Plaintiff, the vertical doorway edges of the SHED were dangerously – and needlessly – sharp. As Plaintiff attempted to move the SHED, the sharp edges contacted her fingers and sliced her fingers open causing them to bleed profusely, and which required emergency care, surgery, numerous stitches and which has caused permanent scarring and disfigurement on her fingers ("INCIDENT"). Significantly, neither the box, packaging, instruction manual nor the product description online at either Amazon.com or Devoko.com contained any consumer warnings that the SHED contained dangerously sharp edges. Defendants DEVOKO, AMAZON.COM SERVICES LLC and SIMONDREAMER manufactured, designed, distributed, wholesaled, marketed, advertised and retailed the SHED that injured Plaintiff.

# II.

## PARTIES

2.    At all times relevant, JESSICA DENIKE ("PLAINTIFF") was a resident of the County of Los Angeles, State of California.

3.    At all times relevant, Plaintiff is informed and believes, and thereupon alleges, that Defendant DEVOKO ("Devoko"), a business entity form

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

unknown, was a resident of the County of Los Angeles, State of California, whether by domicile, incorporation, principal place of business, or by maintaining sufficient minimum contacts in the State of California sufficient for this court to exercise personal jurisdiction over it. Devoko is an outdoor furniture company that target markets and advertises to consumers throughout the nation, including California residents. Additionally, according to its website devoko.com, it maintains multiple warehouses located in "California, Washington, New Jersey, Georgia and Texas." Its website further boasts that it delivers "in excess of 20,000 packages" every day out of its California and other warehouses. DEVOKO further markets and advertises its products specifically to California consumers, directly and through its intermediary sellers including Amazon and SimonDreamer. Plaintiff was in California when she purchased the SHED and it was delivered to her home in Los Angeles County from Devoko's California west coast warehouse. Devoko also allows California residents to directly purchase its products from its website, offering free shipping on many products.

4.    At all times relevant, Plaintiff is informed and believes, and thereupon alleges, that Defendant SIMONDREAMER ("SimonDreamer"), a business entity form unknown, was a resident of the County of Los Angeles, State of California, whether by domicile, incorporation, principal place of business, or by maintaining sufficient minimum contacts in the State of California sufficient for this court to exercise personal jurisdiction over it. SimonDreamer is an online Amazon seller that target markets and advertises to consumers throughout the nation, including California. Plaintiff was in California when she purchased the SHED from SimonDreamer on Amazon.com and it was delivered to her home in Los Angeles County from Devoko's California warehouse. Plaintiff is further informed and believes that SimonDreamer is an authorized reseller of Devoko products including the SHED that injured Plaintiff.

- 3 -

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

5. At all times relevant, Plaintiff is informed and believes, and thereupon alleges, that Defendant AMAZON.COM SERVICES LLC ("AMAZON"), a Delaware corporation, was a resident of the County of Los Angeles, State of California, whether by domicile, incorporation, principal place of business, or by maintaining sufficient minimum contacts in the State of California sufficient for this court to exercise personal jurisdiction over it. Specifically, it markets, advertises and sells products to California consumers every day. It also maintains delivery services throughout California, maintaining a fleet of delivery trucks, licensed and registered though the California DMV, and employs drivers who are California resident employees, which delivers products that consumers purchase through the Amazon.com website. It further maintains numerous distribution centers and warehouses throughout California, including in Los Angeles County. It systematically and continuously sells products, including the SHED which was sold to Plaintiff, to customers throughout California through online and in-store channels including through its online seller SimonDreamer.

6. At all times relevant, Plaintiff is informed and believes, and thereupon alleges, that DOES 1-100, inclusive and each of them, were residents of the State of California, whether by domicile, incorporation, principal place of business, or by maintaining sufficient minimum contacts in the State of California sufficient for this court to exercise personal jurisdiction over them.

7. The true names and capacities, of DOES 1-100, inclusive, and each of them, whether individual, corporate, alter ego, partnership, joint-venture, associate, or otherwise, are unknown to Plaintiff, who thereby sues these Defendants by such fictitious names, and will seek leave of this court to amend this complaint once the true names and capacities are ascertained.

8. Plaintiff is informed and believes, and thereupon alleges, that each Defendant named herein as a DOE is responsible in some manner for the events

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

and happenings referred to herein which proximately caused injury to Plaintiff as hereinafter alleged.

9.      This Superior Court has general subject matter jurisdiction over this action, pursuant to California Constitution Article VI section 4.

10.      Venue in the Superior Court of this county is proper as it is the county in which the occurrences and events giving rise to Plaintiff's injuries occurred or is the county in which defendants or some of them reside at the time of the commencement of this action, pursuant to Code of Civil Procedure section 395(a).

## III.

## GENERAL ALLEGATIONS

11.      On or about May 8, 2023, Jessica Denike ("Plaintiff") purchased a 5 ft. x 3 ft. lockable outdoor garden storage shed SKU# T-PS1053S0BN ("SHED"), which SHED was manufactured and designed by DEVOKO ("Devoko"), and sold to Plaintiff by AMAZON.COM SERVICES LLC ("Amazon") and its seller SIMONDREAMER ("SimonDreamer") online from Amazon.com, Order No. 114-1823296-6117858. The SHED was shipped to her and delivered to her home in Canyon Country, Los Angeles County, California. On May 10, 2023, Jessica attempted to assemble the SHED. She took it out of the box and set it up according to the instruction manual. Unbeknownst to Plaintiff, the vertical doorway edges of the SHED were dangerously – and needlessly – sharp. As Plaintiff attempted to move the SHED, the sharp edges contacted her fingers and sliced her fingers open causing them to bleed profusely, and which required emergency care, surgery, numerous stitches and which has caused permanent scarring and disfigurement on her fingers ("INCIDENT"). Significantly, neither the box, packaging, instruction manual nor the product description online at either Amazon.com or Devoko.com contained any consumer warnings that the

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

SHED contained dangerously sharp edges. Defendants DEVOKO, AMAZON.COM SERVICES LLC and SIMONDREAMER manufactured, designed, distributed, wholesaled, marketed, advertised and retailed the SHED that injured Plaintiff.

12.    DEVOKO designs, manufactures, and sells various outdoor garden and patio furniture including the SHED Plaintiff was using at the time of the INCIDENT. Its website includes products including sofas, conversation sets, dining sets, lounge chairs, umbrellas and canopies, garden sheds, deck boxes and other items.

13.    The SHED that caused injury to Plaintiff was a model "Devoko 5 X 3 FT Outdoor Metal Storage Shed, Steel Yard Shed with Lockable", including its components, packaging, marketing, containers, frame, and other parts ("SUBJECT PRODUCT" or "SHED").

14.    At all times relevant, including before it left the control of Defendants, the SHED was dangerous because, among other things, its sharp edges created a substantial risk of laceration injuries because it was manufactured and designed with sharp edges on the interior of the doors. Moreover, it is foreseeable that users of the product would grasp this part of the SHED when lifting, moving and assembling it. Had the SHED been manufactured and designed with rounded edges, Plaintiff would not have been injured.

15.    Before the INCIDENT, Plaintiff had used a product like the SUBJECT PRODUCT and had no knowledge that sharp dangerous edges like on the door way are could exist as did on the SHED.

16.    As a result of the INCIDENT, Plaintiff suffered significant temporary and permanent bodily injuries which required extensive medical care and treatment for which she has and will continue to incur medical expenses.

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

17.    As a direct and proximate result of the INCIDENT, Plaintiff suffered serious and permanent physical injuries and was harmed in health physically, mentally, and emotionally, as previously alleged herein.

18.    As a further direct and proximate result of the INCIDENT, Plaintiff necessarily employed the services of healthcare professionals, including nurses, physicians, and other specialists to provide care and treatment for Plaintiff's injuries.

19.    As a further direct and proximate result of the INCIDENT, Plaintiff necessarily incurred medical expenses, the reasonable amounts of which are currently outstanding, owing, or otherwise due and payable. As a result of such care and treatment, hospitals, government entities, employers, healthcare professionals, and other entities and third parties are entitled to full reimbursement for any amounts paid on behalf of Plaintiff and have or may assert liens or institute collections actions against Plaintiff for repayment of these debts which Plaintiff now owes.

20.    As a further direct and proximate result of the INCIDENT, Plaintiff will necessarily require ongoing and continued care and treatment from healthcare professionals for the indefinite future for the temporary and permanent injuries sustained in the Incident, the costs of which will be significant and will place tremendous financial burden and stress upon Plaintiff.

21.    As a further direct and proximate result of the INCIDENT, Plaintiff has lost income, earnings, salary, and wages.

22.    As a further direct and proximate result of the INCIDENT, Plaintiff will continue to miss time from work for the indefinite future and will suffer future lost income and earning capacity due to the inability to perform the job duties and responsibilities in the same manner as before the INCIDENT. As a result, Plaintiff is expected to be passed over for promotions and other future employment opportunities due to the inability to perform certain necessary job

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

duties and responsibilities as a result of said temporary and permanent injuries. The amount of such future loss is currently unknown and will be determined at the time of trial, according to proof, upon competent testimony from witnesses, including expert witnesses.

23.    As a further direct and proximate result of the INCIDENT, Plaintiff suffered temporary and permanent physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, and emotional distress, disfigurement, humiliation, all to Plaintiff's damages, the amount of which will be determined at the time of trial according to proof.

24.    As a further direct and proximate result of the INCIDENT, Plaintiff will continue to suffer physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, and emotional distress, disfigurement, humiliation all to Plaintiff's damages, the amount of which will be determined at the time of trial according to proof.

25.    As a further direct and proximate result of the INCIDENT, Plaintiff is owed interest on the lost earnings and out-of-pocket expenses for co-pays, deductibles, and other medical expenses, reasonably and necessarily incurred, which amounts lost or expended would otherwise have been saved and invested.

26.    Defendants and DOES 1-100, inclusive and each of them, also violated statutes, regulations, and ordinances, which were enacted to prevent against the type of harm suffered by Plaintiff and to protect the class of individuals of whom Plaintiff is a member, and which violations proximately caused Plaintiff's injuries. Each Defendant and DOES 1-100, are therefore negligent *per se*, pursuant to Evidence Code section 669(a).

- 8 -

## IV.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## (Strict Products Liability)

PLAINTIFF JESSICA DENIKE FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS DEVOKO, SIMONDREAMER, AMAZON.COM SERVICES LLC, AND DOES 1-100 INCLUSIVE, FOR STRICT PRODUCTS LIABILITY, ALLEGES:

27.     Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

28.     At all times mentioned herein, Defendants and DOES 1-100, inclusive, were engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, warranting, leasing, renting, retailing, wholesaling, and marketing and advertising the SUBJECT PRODUCT.

29.     On or about May 8, 2023, Jessica Denike ("Plaintiff") purchased a 5 ft. x 3 ft. lockable outdoor garden storage shed SKU# T-PS1053S0BN ("SHED"), which SHED was manufactured and designed by DEVOKO ("Devoko"), and sold to Plaintiff by AMAZON.COM SERVICES LLC ("Amazon") and its seller SIMONDREAMER ("SimonDreamer") online from Amazon.com, Order No. 114-1823296-6117858. The SHED was shipped to her and delivered to her home in Canyon Country, Los Angeles County, California. On May 10, 2023, Jessica attempted to assemble the SHED. She took it out of the box and set it up according to the instruction manual. Unbeknownst to Plaintiff, the vertical doorway edges of the SHED were dangerously – and needlessly – sharp. As Plaintiff attempted to move the SHED, the sharp edges contacted her fingers and sliced her fingers open causing them to bleed profusely, and which required emergency care, surgery, numerous stitches and which has caused permanent scarring and disfigurement on her fingers ("INCIDENT"). Significantly, neither

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

the box, packaging, instruction manual nor the product description online at either Amazon.com or Devoko.com contained any consumer warnings that the SHED contained dangerously sharp edges. Defendants DEVOKO, AMAZON.COM SERVICES LLC and SIMONDREAMER manufactured, designed, distributed, wholesaled, marketed, advertised and retailed the SHED that injured Plaintiff.

30. Defendants and DOES 1-100, inclusive, knew that consumers would use the SUBJECT PRODUCT as Plaintiff did on the date of the INCIDENT.

31. Defendants and DOES 1-100, inclusive, manufactured, designed, assembled, packaged, tested, fabricated, inspected, marketed, distributed, and sold the SUBJECT PRODUCT and each of its component parts with defects in both design and manufacturing which made them dangerous, hazardous, and unsafe for their intended and reasonably foreseeable use. At the time the SUBJECT PRODUCT left the possession and control of Defendants and DOES 1-100 it had defects in design and manufacturing such that it had dangerous metal edges in the doorway which had not been rounded off or shaved down to make them smooth.

32. The SUBJECT PRODUCT contained a design and/or manufacturing defect when it was introduced into the stream of commerce by Defendants and DOES 1-100, inclusive, and each of them.

33. The SUBJECT PRODUCT was defective and unsafe for its intended use. Due to the design and manufacturing defects, the SUBJECT PRODUCT failed to perform as safely as an ordinary consumer would expect when used or misused in an intended or reasonably foreseeable manner.

34. Furthermore, the risk of danger in the design of the SUBJECT PRODUCT outweighed any benefits of the design and safer alternative designs were available at the time of manufacture. Therefore, the SUBJECT PRODUCT

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

presented a substantial and unreasonable risk of serious injuries to users of its Buffet Server or those in the vicinity of use.

35. The defects in the design and manufacture of the SUBJECT PRODUCT and its component parts were a substantial factor in causing Plaintiff's severe injuries and damages as herein alleged.

36. Defendants and DOES 1-100, inclusive, had actual or constructive knowledge of the risks inherent in the SUBJECT PRODUCT at the time they manufactured it and placed it into the stream of commerce for sale to Plaintiff, including but not limited to the significant risk of injury due to laceration injuries.

37. The inherent risks and dangers in using the SUBJECT PRODUCT in an intended or reasonably foreseeable way presented a substantial danger and risk of injury to Plaintiff.

38. Additionally, an ordinary consumer, such as Plaintiff, would not have recognized the potential risks and dangers inherent in the use of the SUBJECT PRODUCT.

39. Furthermore, Defendants and DOES 1-100, inclusive, failed to warn of the substantial dangers presented by the SUBJECT PRODUCT when used or misused in an intended or reasonably foreseeable way. Significantly, neither the user manual, documents provided at the time of purchase, nor the SUBJECT PRODUCT itself contain any warnings about the risk of serious laceration injuries due to sharp edges.

40. Furthermore, Defendants' and DOES 1-100, inclusive, failure to warn and/or lack of sufficient instructions on safe use was a substantial factor in causing Plaintiff's severe injuries and damages as herein alleged.

41. As a result of the defective and dangerous SHED, and the failure to warn by Defendants and DOES 1-100, inclusive, Plaintiff sustained severe personal injuries and damages, as alleged herein.

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

42. As a direct and proximate result of the INCIDENT, Plaintiff has suffered, continues to suffer, and will in the future suffer great mental, physical and emotional pain, in sums according to proof at the time of trial.

43. As a direct and proximate result of the INCIDENT, Plaintiff was required to, and did, and will in the future, employ
physicians and surgeons to examine, treat and care for him, and did and will in the future incur medical and incidental expenses for such care and services, in a sum according to proof at the time of trial; and

44. As a further direct and proximate result of the INCIDENT, Plaintiff has incurred past and future loss of earnings and diminished earning capacity, in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION
### (Negligent Products Liability)

PLAINTIFF JESSICA DENIKE FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS DEVOKO, SIMONDREAMER, AMAZON.COM SERVICES LLC, AND DOES 1-100 INCLUSIVE, FOR NEGLIGENT PRODUCTS LIABILITY, ALLEGES:

45. Plaintiff refers to each and every preceding paragraph and incorporates those paragraphs as though set forth in full in this cause of action.

46. On or about May 8, 2023, Jessica Denike ("Plaintiff") purchased a 5 ft. x 3 ft. lockable outdoor garden storage shed SKU# T-PS1053S0BN ("SHED"), which SHED was manufactured and designed by DEVOKO ("Devoko"), and sold to Plaintiff by AMAZON.COM SERVICES LLC ("Amazon") and its seller SIMONDREAMER ("SimonDreamer") online from Amazon.com, Order No. 114-1823296-6117858. The SHED was shipped to her and delivered to her home in Canyon Country, Los Angeles County, California. On May 10, 2023, Jessica attempted to assemble the SHED. She took it out of the box and set it up

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

according to the instruction manual. Unbeknownst to Plaintiff, the vertical doorway edges of the SHED were dangerously – and needlessly – sharp. As Plaintiff attempted to move the SHED, the sharp edges contacted her fingers and sliced her fingers open causing them to bleed profusely, and which required emergency care, surgery, numerous stitches and which has caused permanent scarring and disfigurement on her fingers ("INCIDENT"). Significantly, neither the box, packaging, instruction manual nor the product description online at either Amazon.com or Devoko.com contained any consumer warnings that the SHED contained dangerously sharp edges. Defendants DEVOKO, AMAZON.COM SERVICES LLC and SIMONDREAMER manufactured, designed, distributed, wholesaled, marketed, advertised and retailed the SHED that injured Plaintiff.

47.    Defendants and DOES 1-100, inclusive, negligently, recklessly and carelessly manufactured, fabricated, designed, assembled, distributed, sold, inspected, warranted, and advertised the SUBJECT PRODUCT such that it was dangerous and unsafe for its intended and/or reasonably foreseeable use.

48.    Defendants and DOES 1-100, inclusive, owed a duty to Plaintiff to exercise reasonable care in the design, manufacture, and sale of the SUBJECT PRODUCT, to ensure it was safe for its reasonably foreseeable use.

49.    Defendants and DOES 1-100, inclusive, failed to exercise the amount of care in the design, manufacture, and sale of the SUBJECT PRODUCT, that a reasonably careful manufacturer, designer, seller, wholesaler, or distributor would have used in similar circumstances to avoid exposing others to a foreseeable risk of harm including laceration injuries due to sharp edges.

50.    Defendants and DOES 1-100, inclusive, knew or reasonably should have known that the SUBJECT PRODUCT was dangerous when used or misused in a reasonably foreseeable manner.

- 13 -

51.    Defendants and DOES 1-100, inclusive, knew or reasonably should have known that users would not realize the danger of laceration injuries or other risks of injury.

52.    Defendants and DOES 1-100, inclusive, failed to adequately warn of the dangers of laceration injuries, or instruct on the safe use of the SUBJECT PRODUCT.

53.    A reasonable manufacturer, designer, seller, wholesaler, or distributor in similar circumstances would have warned of the danger, or instructed on safe use of the SUBJECT PRODUCT.

54.    The failure to warn or instruct of the dangers and risks of harm or injury by the SUBJECT PRODUCT by Defendants and DOES 1-100, inclusive, was a substantial factor is causing Plaintiff's harm.

55.    As a direct and proximate result of the negligent conduct of Defendants and DOES 1-100, Plaintiff suffered injuries as previously alleged. Moreover, the negligence of Defendants and DOES 1-100, inclusive, was a substantial factor in causing the serious laceration injuries to Plaintiff as previously alleged.

## V.

## PRAYER FOR RELIEF

Wherefore, Plaintiff JESSICA DENIKE prays for judgment against Defendants DEVOKO, SIMONDREAMER, AMAZON.COM SERVICES LLC and DOES 1-100, inclusive and each of them, for damages in an amount in excess of the minimal jurisdictional limits of this Court, according to proof, as follows:

1.  General damages, including but not limited to:

    a.  Past and future physical pain, mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, disfigurement, humiliation and emotional distress

- 14 -

2. Special damages, including but not limited to:

    a. Past and future medical expenses

    b. Past and future loss of earnings and earning capacity

3. Prejudgment interest

4. Costs of suit

Such other and further relief as this Court deems just and proper.

Dated: May 6, 2025          THE BERTCH FIRM

By: _____
           WHITNEY D. BERTCH
           Attorney for Plaintiff,
           *Jessica Denike*

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff JESSICA DENIKE hereby demands a trial by jury on all causes of action to which Plaintiff has a right to trial by jury, pursuant to California Code of Civil Procedure section 631 and Section 16 of Article I of the California Constitution.

Dated: May 6, 2025                    THE BERTCH FIRM


By:    _____
       WHITNEY D. BERTCH
       Attorney for Plaintiff,
       *Jessica Denike*

- 16 -